1. The first question is: whether there be a discontinuance of the fee, for if there is, the entry of the heir of the daughter is not lawful, and *the ejectione firmae does not lie. In this case, it is thus: A man had issue two sons and gave lands to the youngest and the heirs male of his body, and died. The donee made a lease for their lives, not warrantable by 32 H., 8, and granted the reversion by fine with proclamation and warranty, and died, leaving issue a daughter, all the tenants for life being dead. Where, then, is the discontinuance of the fee? With regard to his warranty, it shall not be a discontinuance except the warranty and the right descend to the same issue. Litt. Pl., 737. If tenant in tail has issue two sisters by different venters, and die, and they enter and are disseized by a stranger, and one of them demises to the disseizor by deed with warranty, and dies without issue, the surviving sister may enter and oust the disseizor, because she is no heir to the warranty; ergo there is no descent. So here, the right of the reversion goes to John, and the warranty, coming from Alexander to the daughter is no bar of record, to the other.
2. The fine is no discontinuance, for it takes effect by way of grant. If lease for life be made with warranty by the donee in tail, and after the donee grants the reversion by fine with proclamation, the warranty of itself is no discontinuance. But if the daughter had brought her formedon, it would be a bar. 28 H., 6; Br. Discontinuance, 15, and here there is no discontinuance, for it is not executed during the life of the grantor. Tenant in tail leases for life, levies a fine of the reversion and dies; and afterwards the lessee dies, it is no discontinuance, because it is not executed during the life of the grantor. It is clear that if the tenant in tail leases for life and after grants the reversion, and dies before the tenant for life, it is no discontinuance; likewise, in the case of a fine, Litt. Pl., 18; 21 H., 6, 53, per Paston. Tenant in tail died during the life of the tenant for life, it is no discontinuance, although it be by fine, for it is not executed during the life of the grantor, and a fine with proclamation shall not have more effect or discontinuance than a fine at common law. But a fine with proclamation is a bar to the estate tail; yet a fine with warranty will not be a bar to the claim of the land, as heir to his uncle. Therefore the case is this: (1) A man had issue two sons, and gave lands to the youngest and the heirs male of his body; then granted the reversion by fine with proclamation, had issue a daughter, and died, and the right of a reversion descended to the daughter of his uncle, and whether this be *a bar to the claim of the reversion, was *Page 678 
the question. It is no estoppel, for the entry of Robert determines the estate on the fine, and an estoppel shall not continue longer than the estate, as in Seymour's case. (2) Because the daughter does not claim the land from him who levied the fine, although she may be his heir of other lands, as in 19 H., 8; Dyer, 3. As if my uncle disseizes my father and levies a fine with proclamation, and my father dies and my uncle afterwards dies within five years, this does not bar me from claiming the land, although I am heir to him who levied the fine, but not as his heir, but as my father's. 2 El. Dallison's reports. One gave land to the eldest son of I. S. in tail, remainder to the father in fee or in tail. If the eldest son levies a fine and dies without issue, and the father dies, the fine is no
bar to the second son. For although he be privy and ought to make his conveyance of the land, still he is not privy in the estate, and does not claim it through him. So here the daughter does not claim the estate through her father, but through her uncle; therefore, the fine shall be no estoppel to her. 24 E., 4, 47. If there be grandfather, father, and son, the father makes feoffment in fee of certain lands with warranty, and dies, afterwards other lands descend from the grandfather, to the son, he shall not return the value, if he be vouched; for he does not claim through his father, although mention be made of him in the conveyance of his title. But if Alexander had survived his brother, then the right would continue. 8 H., 5, 7. If the son disseizes the father and levies a fine, after the father dies, and then the son, the land shall not descend to the second son; but if the eldest son had died in his father's life time, it would have been otherwise. T., 21 Jac., in McWilliams' case, it was resolved that if tenant in tail has issue two sons and the eldest levies a fine during the life of his father and dies without issue, the second son shall inherit, as heir to the father. Justice JONES has put another case: that if tenant in fee tail has issue two sons, and the eldest disseizes him, levies a fine and dies without issue, and the father dies, it is no bar to the second son. But Justice JONES says that his case was mistaken, for he put the case that the eldest son levying the fine in the lifetime of his father, is no disseizin in alteration of the possession, for he is not heir to him of this land, although he may be so to him of other lands, and therefore the fine is no bar. Here is a new right, which comes after the death of the tenants for life, from the other ancestor. For there was here only a discontinuance for life, and the entry of the lessor, after the death of the tenants for life, tolls the discontinuance.
Lastly. The fine and warranty shall be no bar, because when the fine is *levied, the warranty descends from the son to a feme covert. 1 Rep.,Archer's case, 140; Chadley's case. If a warranty descends from a femecovert, it shall not bar the entry; here the entry is for the life of the *Page 679 
tenants, but after their deaths the entry is lawful. 44 Ass. Admitting that it shall be a bar by the warranty at common law, the statute of Westminister, 2, will help him, because he claims through him who had the reversion and not through him who levied the fine. A brother was tenant in tail to him and the heirs male of his body, made a lease for life with warranty, and died without heirs, leaving a daughter, and the eldest brother died without issue, the daughter may claim the land under the statute of Westminster, 2, notwithstanding the warranty. Litt. Pl., 706. A reversion in fee expectant on an estate tail is helped by the statute; if tenant in tail makes a feoffment in fee with warranty and dies without issue, and the warranty descends on the reversioner, it is no bar, for the tenant in tail cannot prejudice the lessee by deed or feoffment, but the remainder is not helped. If a gift in tail be made to the eldest son by the father, and he makes a feoffment in fee with warranty and dies without issue, and the father dies, this warranty is no bar to the youngest son. As it is a reversion and he claims through him in reversion, and the reversion came from another ancestor, the reversion is not barred. 7 E., 3, 48; 6 E., 3, 5. The statute does not speak of him in remainder. I conclude by saying that there is no discontinuance of the fee, condition, or estoppel; and that if there be any estoppel, it is helped by the statute of Westminster, 2; therefore, the title of Robert Povise is the best in this case. Postea, p. 683; 2 Cr., 156 and 525; Jones, 208; Bendl., 174; McWilliams' case, Hobart, 532.